LAW OFFICES OF STEPHEN C. CAHIR
By:  D. Scott Conchar, Esq. (DC9259)
P.O. Box 2903
Hartford, CT  06104-2903
E-mail:  dconchar@travelers.com
(973) 631-7309
Attorneys for Third Party Defendant, Winzeler Stamping Company
(erroneously named as Winzeler Stamping)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE, COMPANY and LIBERTY MUTUAL INSURANCE COMPANY AS SUBROGEE OF VAMSI VEGUNTA,<br><br>Plaintiffs,<br><br>vs.<br><br>HOSE ASSEMBLIES INCORPORATED "ABC CORPORATION") A-Z and 1-10,<br><br>Defendants,<br><br>and<br><br>HOSE ASSEMBLIES INCORPORATED,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>ELECTROLUX, WINZELER STAMPING, JOHN DOES 1-10 AND ABC CORPORATIONS 1-10,<br><br>Third Party Defendants. | CIVIL ACTION NO.:  3:19-cv-14443-BRM-TJB<br><br><br><br><br><br>**ANSWER ON BEHALF OF WINZELER STAMPING COMPANY TO THIRD PARTY COMPLAINT, AFFIRMATIVE DEFENSES, COUNTER CLAIMS, CROSS CLAIMS and JURY DEMAND** |

Third-Party Defendant, Winzeler Stamping Company (erroneously named as Winzeler Stamping) (hereinafter referred to as "Winzeler"), doing business at 129 W. Wabash Avenue, Montpelier, Ohio, in response to the Third-Party Complaint of Defendant/Third-Party Plaintiff, state:

## AS TO THE PARTIES

1. Winzeler admits the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

3. Winzeler admits the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

5. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

6. Winzeler admits the allegations contained in paragraph 6 of the Third-Party Complaint.

7. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

8. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

9. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

10. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

11. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

12. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

13. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

14. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

15. Winzeler denies the allegations contained in paragraph 15.

16. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

17. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

## **AS TO FIRST COUNT**

18. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 17, as if set forth at length herein.

19. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 19, 20, 21, 22 and 23 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

### AS TO SECOND COUNT

20. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 23, as if set forth at length herein.

21. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 25, 26, 27 and 28 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

### AS TO THIRD COUNT

22. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 28, as if set forth at length herein.

23. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 30, 31, 32 and 33 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

### AS TO FOURTH COUNT

24. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 33, as if set forth at length herein.

25. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

### AS TO FIFTH COUNT

26. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 35, as if set forth at length herein.

27.     Winzeler denies the allegations contained in paragraphs 37, 38, 39, 40 and 41 and leave Third-Party Plaintiffs to their strict proofs.

## AS TO SIXTH COUNT

28.     Winzeler repeats each of its answers to the allegations of paragraphs 1 through 41, as if set forth at length herein.

29.     Winzeler denies the allegations contained in paragraphs 43, 44, 45 and 46 and leave Third-Party Plaintiffs to their strict proofs.

## AS TO SEVENTH COUNT

30.     Winzeler repeats each of its answers to the allegations of paragraphs 1 through 46, as if set forth at length herein.

31.     Winzeler denies the allegations contained in paragraphs 48, 49, 50 and 51 and leave Third-Party Plaintiffs to their strict proofs.

## AS TO EIGHTH COUNT

32.     Winzeler repeats each of its answers to the allegations of paragraphs 1 through 51, as if set forth at length herein.

33.     Winzeler denies the allegations contained in paragraph 53 and leave Third-Party Plaintiffs to their strict proofs.

## AS TO NINTH COUNT

34.     Winzeler repeats each of its answers to the allegations of paragraphs 1 through 53, as if set forth at length herein.

35.     Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 55, 56, 57, 58 and 58 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

**AS TO TENTH COUNT**

36. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 59, as if set forth at length herein.

37. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 61, 62, 63 and 64 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

**AS TO ELEVENTH COUNT**

38. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 64, as if set forth at length herein.

39. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 66, 67, 68 and 69 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

**AS TO TWELTH COUNT**

40. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 69, as if set forth at length herein.

41. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 72 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

**AS TO THIRTEENTH COUNT**

42. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 72, as if set forth at length herein.

43. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 75, 76, 77, 78 and 79 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

## AS TO FOURTEENTH COUNT

44. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 79, as if set forth at length herein.

45. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 81, 82, 83 and 84 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

## AS TO FIFTEENTH COUNT

46. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 84, as if set forth at length herein.

47. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 86, 87, 88 and 89 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

## AS TO SIXTEENTH COUNT

48. Winzeler repeats each of its answers to the allegations of paragraphs 1 through 89, as if set forth at length herein.

49. Winzeler is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 91 and therefore must deny same and leave Third-Party Plaintiffs to their strict proofs.

## AFFIRMATIVE DEFENSES

50. The Plaintiffs fail to state a claim on which relief can be granted.

51. The Plaintiffs' claims are barred or otherwise limited by the provisions of the law providing for comparative negligence, *N.J.S.A.* 2A:15-5.1, *et seq*.

52. Where service has been made upon other than Winzeler, any recovery shall be limited to the available insurance coverage, if any.

53. The alleged damages were caused by an intervening, superseding action for which Winzeler is in no way liable, and as a result, Plaintiffs are therefore not entitled to recover from Winzeler in this action.

54. The applicable law, rule, statute or regulation including, but not limited to, the Statute of Limitations and the Statute of Repose, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant and, accordingly, this claim is barred as a matter of law.

55. There is a lack of jurisdiction over Winzeler by reason of insufficiency of process and insufficiency of service of process and they therefore reserve the right to move for dismissal of the complaint.

56. The court lacks jurisdiction over the subject matter of this action and Winzeler reserves the right to move for dismissal of the complaint.

57. The Plaintiffs are barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, rule, regulation or contract upon which it is predicated.

58. The incident and injury complained of was caused by the failure of Plaintiffs to exercise reasonable and ordinary care, caution or vigilance.

59. Winzeler claims credit for all collateral sources from which the Plaintiffs have or shall receive benefits pursuant to *N.J.S.A.* 2A:15-97.

60. Winzeler neither owed nor breached any duties to Plaintiffs whether based upon statute, rule, standard or common law.

61. Winzeler did not breach any warranty in connection with the product alleged to be the subject of this case.

62. Winzeler denies the existence of any defect in the product at issue in this matter.

63. The claims for injuries or damages set forth in the Complaint were caused by the negligence or other tort or contractual liability of third parties over whom Winzeler had no control and for whom it was not responsible.

64. Plaintiffs' claims are barred because the accident in question or alleged damages were caused or contributed to by conditions over which Winzeler had no control and for which it was not responsible.

65. Plaintiffs failed to mitigate their alleged damages and therefore are not entitled to recover any damages related thereto.

66. The incident and damages alleged were caused by unauthorized, unintended and/or improper use of the product complained of and as the result of failure to exercise reasonable and ordinary care, caution or vigilance.

67. No action or omission by Winzeler was a proximate or legal cause of Plaintiffs' and/or Third-Party Plaintiff's alleged damages.

68. Any claims by Third-Party Plaintiff against Winzeler are subject to the laws of the State of Ohio.

69. Winzeler sold a non-defective product and any damages that may have been caused are due to its improper incorporation into another product.

70. Winzeler had no knowledge of how the buyer of its product intended to use it and is therefore not liable if it was improperly integrated into another product.

71. Winzeler did not participate in, nor have knowledge of, the use and design of the end product into which the product it sold was going to be integrated and therefore is not liable.

72. Winzeler claims, and is entitled to, all applicable rights and immunities provided under the provisions of the New Jersey Product Liability Act, *N.J.S.A.* 2A:58C-1 *et seq.*

**WHEREFORE**, Third-Party Defendant, Winzeler Stamping Company, demands judgment dismissing the Complaint, Third-Party Complaint and all cross-claims and awarding costs of suit, attorney's fees and such further relief as this Court deems just.

## CROSS AND COUNTER CLAIMS FOR CONTRIBUTION

73. While in no way admitting negligence or responsibility or liability to the Plaintiffs or Third-Party Plaintiff, Winzeler asserts that if it is found to be negligent, such negligence is joint and several with that of the negligence, breach of warranty (express and implied) and/or strict liability of Defendant/Third-Party Plaintiff HAI, Third-Party Defendants Electrolux Home Products, Inc., Electrolux North America, all John Doe individuals and/or business entities as well as any other parties added as defendants in this matter.

**WHEREFORE** Third-Party Defendant, Winzeler Stamping Company, demands contribution from Hose Assemblies Incorporated, Electrolux Home Products, Inc., Electrolux North America, all John Does as well as any other party that may be later added as a defendant or third-party defendant, under the Joint Tortfeasor's Contribution Act, *N.J.S.A.* 2A:53A-1, et seq. and under the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1.

## CROSS AND COUNTER CLAIMS FOR INDEMNIFICATION

74. While denying liability to the plaintiffs for the damages alleged, if judgment is recovered by the Plaintiffs or Third-Party Plaintiff against Winzeler, it is hereby asserted that their negligence, if any, was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that said plaintiff's damages arose through the direct and primary negligence of HAI, Electrolux Home Products, Inc., Electrolux North America, all John Does and/or any other party that may be later added as a defendant or third party defendant,

75. Accordingly, HAI, Electrolux Home Products, Inc., Electrolux North America, all John Does as well as any other party that may be later added as a defendant or third-party

defendant, are obligated by operation of law, contract and otherwise to indemnify Winzeler and hold them harmless from any or all claims which are the subject of this lawsuit.

**WHEREFORE**, Third-Party Defendant, Winzeler Stamping Company, demands contribution from Hose Assemblies Incorporated, Electrolux Home Products, Inc., Electrolux North America, all John Does as well as any other party that may be later added as a defendant or third party defendant, in the amount of all damages for which they may be found liable, costs of suit, attorney's fees and such further relief as this Court deems just.

## ANSWER TO CROSSCLAIMS AND COUNTERCLAIMS

Winzeler deny the allegations of any and all Cross Claims and Counter Claims filed or to be filed by any party to this action as they may relate to them.

**WHEREFORE**, Third-Party Defendant, Winzeler Stamping Company, demands judgment dismissing with prejudice all Cross and Counter Claims and awarding attorney's fees, costs of suit and such further relief as this Court deems just.

## DEMAND FOR DISCOVERY

Third-Party Defendant, Winzeler Stamping Company, hereby demands that the Plaintiffs, all Defendants and any Third-Party Plaintiffs and Defendants provide the disclosures required by F.R.C.P. 26 as soon as practicable.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Cv.R. 8.1, the Plaintiff is hereby requested to furnish a written statement of the amount of damages claimed as to each Count of the Complaint within (10) days.

## DEMAND FOR TRIAL BY JURY

Third-Party Defendant, Winzeler Stamping Company, hereby demands a jury trial as to each and every issue in this action.

**DESIGNATION OF TRIAL COUNSEL**

Notice is hereby given that D. Scott Conchar is designated as trial counsel in this action.

                                       **LAW OFFICES OF STEPHEN C. CAHIR**

Dated:  July 31, 2019           By: *D. Scott Conchar*
                                             D. Scott Conchar (DC9259)
                                             P.O. Box 2903
                                             Hartford, CT  06104-2903
                                             (973) 631-7309   FAX:  (855) 857-9822
                                             E-mail:  dconchar@travelers.com
                                             Attorneys for Third-Party Defendant,
                                             Winzeler Stamping Company